**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: FANI MANOS<br>Debtor | CASE NO:.:  08-30583<br>Chapter 7 |
| INFINITY CAPITAL ADVISORS INC.,<br>A California Corporation<br>Plaintiff | A.P. No.: |
| v. | |
| FANI MANOS, individually and d/b/a<br>Haddam Restaurant, LLC and DOES 1 through<br>10 inclusive<br>Defendant | |

## **COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT**

COMES NOW, Plaintiff INFINITY CAPITAL ADVISORS INC. and shows the Court as follows:

### **THE PARTIES**

1.    Plaintiff INFINITY CAPITAL ADVISORS INC. (hereinafter "ICA" or "Plaintiff") is, at all times herein mentioned was, a corporation duly organized under the laws of the state of California, which maintains its principal place of business at its offices located in Woodland Hills, California, County of Los Angeles.

2.    Defendant FANI MANOS, individually and d/b/a HADDAM RESTAURANT

(hereinafter "Manos" or "Defendant") is, and at all times herein mentioned, was an individual residing in the City of Haddam, Connecticut, County of Middlesex.

3. The true names and capacities, whether individual, corporate, associate or otherwise of Defendant sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when same have been ascertained.

## JURISDICTION

4. Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 28, 2008. This court has jurisdiction over the adversary proceeding pursuant to 28 USC §157 and USC §523.

## COUNT I

### [11 USC 523 (a)(2)(A)]

5. ICA is in the business of purchasing future receivables from merchants. The merchant in the instant action is Manos. As part of this arrangement, Manos shall process their credit card transactions through a processor who is authorized by ICA and Manos irrevocably authorizes Manos to withdraw the receivables balance from Mano's bank account in accordance with the terms of the Purchase & Sale of Future Receivables Agreement (hereinafter "The Agreement").

6. On or about November 15, 2007, Plaintiff and Defendant entered into a Purchase and Sale of Future Receivables Agreement, whereby Plaintiff purchased $59,200.00 of future credit card receivables from Defendant. A true and correct copy of the Agreement is attached hereto as

**Exhibit "1"** and incorporated by reference herein.

7.      To induce ICA to enter in to the Agreement, Manos represented to ICA in a written application (hereinafter "the Application") that the advance incurred by Defendant Manos would be used for capital improvements to Defendant=s business known as Haddam Restaurant and ICA justifiably relied on the representations contained in the Application made by Manos.  A true and correct copy of the Application is attached hereto as **Exhibit "2"** and incorporated by reference herein.

8.      ICA has performed all of its obligations required of it under the Agreement, except as excused or prevented by the conduct of Manos.  Defendant breached the terms of the Agreement by failing to perform its obligations under the Agreement.

9.      As a result of Defendant's false representations and ICA's justifiable reliance, Plaintiff has been damaged in the principal sum of $50,777.61 plus interest at the rate of ten percent (10%) per annum from February 29, 2008, plus attorney's fees and costs subject to proof.  These amounts remain unpaid.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant took the advance from Plaintiff approximately (63) days prior to filing bankruptcy with knowledge he was going to file bankruptcy.  Alternatively, Defendant took said advance from Plaintiff (with knowledge of his financial inability to repay Plaintiff.

11.     At all times herein mentioned, Defendant knew or reasonably should have known that he could not repay Plaintiff for the remaining $50,777.61 taken prior to filing of his bankruptcy.

12.     Plaintiff further alleges that Defendant obtained and took the ICA advance alleged herein with knowledge of his inability to repay Plaintiff.  Defendant was aware, or should have been aware, of his financial condition and his inability to repay the obligations to Plaintiff.

13.     Had Plaintiff known the true income, intent and financial condition of Defendant, it would have not allowed or otherwise permitted the ICA advance as alleged herein.

14.     The aforementioned ICA advance incurred by Defendant Manos was obtained by false pretenses, false representations, and/or actual fraud.  At all times, Defendant knew or should have known that he was financially unable to prepay Plaintiff and/or that Defendant intended to file bankruptcy.

15.     Pursuant to 11 USC §523 (a)(2)(A), Defendant's indebtedness to Plaintiff is Non-dischargeable as an exception to the discharge.

16.     Defendant's actions were grossly negligent, intentional, malicious and/or performed with the intent to defraud Plaintiff thereby entitling Plaintiff to punitive damages.

**NOW THEREFORE**, Plaintiff INFINITY CAPITAL ADVISORS INC. respectfully prays that the Court:

1.      As to Count I:

a)  Determine that Defendant's indebtedness to Plaintiff is an exception to the discharge and, therefore, not dischargeable pursuant to 11 USC §523 (a)(2)(A);

b)  Grant judgment to Plaintiff against Defendants in the amount of $50,777.61 plus interest thereon at ten percent (10%) per annum from February 29, 2008;

c)  Grant Plaintiff attorney's fees subject to proof;

d)  Grant Plaintiff punitive damages; and

e)  Grant Plaintiff such other relief as it may be entitled.

Dated: May 24, 2008

By: \s\ Joseph J. D'Agostino, Jr.
    Joseph J. D'Agostino, Jr.
    Attorney for the Plaintiff
    The Law Offices of Joseph J. D'Agostino, Jr., LLC
    1062 Barnes Road, Suite 304
    Wallingford, CT  06492
    (203) 265-5222
    CT13521
    Joseph@lawjjd.com